The court has examined the testimony taken in the case, and is of the opinion that the motions to discharge the attachments should be sustained. It appears in evidence that Mrs. O’Brien ' by her own admission paid to herself the sum of fifteen hundred dollars before suit was brought, and it also appears in evidence that she paid to a creditor of the firm, Mary McDonald, while she was administratrix, the sum of five hundred dollars; that at the time she. made these payments to herself and to this creditor, she and the surviving partner of the firm, together with those employed in the business, were of the opinion that the firm was solvent. She at the same time, after assuming the management of the affairs as administratrix, paid to the plaintiffs herein a certain sum of money on account of their claims; but it was the general opinion among those interested in the firm, that the assets of the firm would be sufficient to pay all claims, and they did not realize that such was not the ease until they discovered their loss on the contract with the Commercial Tribune Company, after those payments had been made.
In the testimony of Mrs. O’Brien, corroborated by other evidence, it appears that when she was in the probate court she received the impression from some person, who, according to her testimony, shé believed to be authorized to speak, that she was entitled to a year’s allowance for her support as the widow of John O’Brien, and that she had a right to pay to herself a *552 sufficient sum of money for that purpose. She concealed nothing from anybody with regard to the payment to herself of the fifteen hundred dollars, or the payment to Mary McDonald, or the transfer to her of real estate which it is claimed she made; and as far as the bank book, change of account and checks are concerned, they would seem to sustain the idea that there was no intent to defraud and no concealment in the payment of these claims, for while she is making the payments complained of, she pays the Crane, Hawley & Company the sum of one thousand dollars, and to the American Engineering Specialty Company the sum of eight hundred dollars on account of their claims.
Aaron A. Ferris and Coil, Howard & Bailey, for plaintiffs.
John B. ■O’Neal, "W. B. Morrow, Thos. J. Cogam and Rogers ¡Wright, for defendants.
The intent to defraud must be clearly shown, and the burden is on the plaintiff to establish it; and in this case the court is of the opinion that the plaintiffs must sustain the burden which the law requires.
As to' the matter set up by the answers and cross-petitions of ' the receivers, the court is of the opinion that, so far as they are concerned, it has no jurisdiction over them, and that either the cross-petition should not be allowed to' be filed, or, if filed, then a demurrer to it should be sustained. The receivers are appointed by the probate court and are amenable to its orders and directions, and any claim that they may have against the assets of the firm can be distributed in the probate court as other claims against the estate.
An order may be taken in accordance herewith.